IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04 C 6984 |
| | ) | |
| JIMMIE E. TAYLOR and ILLINOIS SECRETARY OF STATE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Michael Houston, the former owner and operator of a Chicago used car dealership, has sued Jimmie Taylor, a former investigator with the Illinois Secretary of State's (ISOS) Department of Police, and the ISOS. Houston has sued Taylor in his individual capacity under 42 U.S.C. § 1983, claiming that Taylor violated his Fourth and Fourteenth Amendment rights. Houston has sued the ISOS for false arrest under Illinois state law. The defendants have moved for summary judgment. For the reasons stated below, the Court grants the motion.

**Facts**

Houston was the owner and operator of Houston Auto Sales, a used car dealership in Chicago. At the time of his arrest, he was licensed as a used car dealer by the ISOS. The ISOS Department of Police employs investigators to administer and enforce the Illinois Vehicle Code; they have the same powers as local police officers and county sheriffs and may exercise these powers anywhere in the state in cooperation with local law enforcement officials. Taylor worked

1

as an investigator with the ISOS Police Department at the time that he arrested Houston. He is now retired. Def. LR 56.1 Stmt. ¶¶ 1-4, 10.

Section 3-113 of the Illinois Vehicle Code requires that "[i]f a dealer buys a vehicle and holds it for resale and procures the certificate of title from the owner or the lienholder ... upon transferring the vehicle to another person other than by the creation of a security interest, [he] shall promptly and within 20 days execute the assignment and warranty of title." 625 ILCS 5/3-113(a). A violation of this section constitutes a petty offense. *Id.* § 5/3-113(c).

Section 4-104(a)(5) of the Vehicle Code prohibits licensed vehicle dealers from "permit[ting] another, not entitled thereto, to use or have possession of any... temporary registration permit." *Id.* § 4-104(a)(5). The Illinois Administrative Code provides that licensed vehicle dealers may issue temporary registration permits "only to persons purchasing vehicles from that dealer and only after application for title and registration has been completed." 92 Ill. Admin. Code § 1010.421(a)(1). Providing a temporary registration permit to an individual who is not entitled to one constitutes a Class A misdemeanor for the first offense. 625 ILCS 5/4-104(b)(3).

Between July and October 2002, the ISOS police received eight official complaints from customers who had purchased vehicles from Houston Auto Sales. All of the complainants alleged that they had purchased vehicles from Houston but never received certificates of title or license plates (vehicle registration documents) from him. One of the complainants also stated that Houston had issued her temporary registration permits twice. Def. LR 56.1 Stmt. ¶¶ 18-35.

On November 1, Houston went to the ISOS Department of Motor Vehicles facility at 99th Street and King Drive in Chicago. Prior to that date, Houston had received a telephone call from

Taylor, who told him that he was being charged with several petty offenses and misdemeanors and that he should come to the ISOS facility to be charged and pay his bond. When Houston arrived at the facility, Taylor processed the necessary paperwork, asked Houston to pay $100 for bond, and released him. Taylor did not handcuff, search, threaten, or physically restrain Houston. *Id.* ¶¶ 38-39.

Around April 2003, Houston transferred seven of the eight sets of vehicle registration documents he had failed to send his customers. He was unable to transfer the last set of vehicle registration documents, however, because he never received them from the individual or entity from whom he purchased the vehicle. *Id.* ¶ 44.

On multiple occasions between December 2002 and September 2004, Houston appeared before a judge of the Circuit Court of Cook County in Bridgeview, Illinois on nine counts of alleged violations of the Vehicle Code. On September 23, 2004, the judge ordered the charges against Houston stricken because the complaining witnesses failed to appear on any of the designated court dates. *Id.* ¶¶ 41-43.

## Discussion

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the facts in favor of the non-moving party and draw all reasonable inferences on his behalf. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### 1. Constitutional claims against Taylor

Houston claims that Taylor arrested him without probable cause and therefore violated his Fourth Amendment right to be free from unlawful searches and seizures and his Fourteenth Amendment right to due process of law. The Court limits this inquiry to the Fourth Amendment, however, because the more specific protections of the Fourth Amendment are what applies when a person claims that he was falsely arrested by a state official. *See Tesch v. County of Green Lake*, 157 F.3d 465, 471-72 (7th Cir. 1998).

Taylor contends that he did not violate Houston's constitutional rights, or alternatively, that he is entitled to qualified immunity. To prevail on a Section 1983 claim for an unlawful arrest, a plaintiff must show "the absence of probable cause." *Kelley v. Myler*, 149 F.3d 641 (7th Cir. 1998). Police officers have probable cause to arrest an individual "when the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the suspect had committed or was committing an offense." *Id.* (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994)). In evaluating whether a police officer had probable cause in a particular case, the Court must consider the facts "as they would have appeared to the arresting officer – seeing what he saw, hearing what he heard." *Id.* (quoting *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir. 1992)). The test is an objective one in which the court asks "whether a reasonable police officer would have believed the person had committed a crime." *Id.* (citations omitted).

No jury reasonably could find that Taylor lacked probable cause to arrest Houston. To the contrary, Taylor has shown that he had probable cause to arrest Houston for failing to transfer vehicle registration documents and for providing temporary registration permits to non-qualified

4

individuals. By the date of Houston's arrest on November 1, 2002, Taylor had received eight complaints from Houston's customers. All of the complainants stated that Houston failed to transfer their vehicle registration documents within twenty days of purchase, *see* Def. Ex. 4H-4O, and one stated that Houston issued her temporary registration permits twice for the same vehicle. *See* Def. Ex. 4K.

Complaints by private citizens are sufficient to establish probable cause so long as the complaints, if true, would justify an arrest and the arresting officer is reasonably convinced of the veracity of the complaints. *See McKinney v. George*, 726 F.2d 1183, 1187 (7th Cir. 1984). Houston has produced no evidence to show that Taylor lacked probable cause; indeed, he has not challenged defendants' contention that Taylor reasonably believed that the complaints were true and that the facts alleged by the complainants established probable cause.

Houston presents three reasons why Taylor violated his constitutional rights even though there was probable cause for his arrest. Houston initially contends that Taylor improperly filed a criminal complaint against him. He appears to argue that Taylor was not a clerk of the Circuit Court of Cook County and therefore could not attest to the criminal complaints filed against Houston. Even assuming the complaints were insufficient,[1] "no principle of federal law makes a properly attested complaint necessary to an arrest or a criminal prosecution." *Gramenos v. Jewel Cos.*, 434 F.2d 432, 434 (7th Cir. 1986). Therefore, Houston's arrest, even if based on an improperly sworn complaint, did not violate the Fourth Amendment.

Next, Houston argues that section 3-113 did not apply to him and that both of the statutes

---

[1] To the contrary, Taylor states that he was a deputy clerk of the Circuit Court of Cook County during the time he was an inspector with the ISOS Department of Police. Def. Ex. 4 ¶ 4. Houston fails to rebut this evidence.

5

at issue were unconstitutional. The Court rejects Houston's argument regarding the scope of section 3-113. As a licensed used car dealer, Houston was undoubtedly a member of the class regulated by the statute. *See* 625 ILCS 5/3-113.

Even were Houston able to show that the statutes applied to him are unconstitutional, this would not allow a reasonable jury to find that Taylor violated Houston's Fourth Amendment rights were violated by arresting him for violating that statute. The Seventh Circuit has made it clear that "[a]n arrest for disobeying a government statute, rule, or decree, cannot, in general, be challenged *under the Fourth Amendment* by challenging the validity of the statute, rule, or decree." *Ryan v. County of DuPage*, 45 F.3d 1090, 1094 (7th Cir. 1995) (emphasis in original) (citations omitted).

The only exception is when "the invalidity of the rule was or should have been plain to the arresting officers." *Id.* The provisions under which Houston was charged were not plainly invalid – either before or after his arrest. To the contrary, Illinois courts have consistently upheld convictions under section 3-113, *see People v. Joseph*, 94 Ill. App. 3d 1014, 1015-17, 419 N.E.2d 508, 509-10 (1981) (section 3-113); *People v. Palmieri*, 1 Ill. App. 3d 1033, 1035-36, 275 N.E.2d 486, 488 (1971) (section 3-113), and they have never questioned – let alone considered – the constitutionality of section 4-104(a)(5) and (b)(3). Illinois courts have examined the constitutionality of other provisions in section 4-104. They upheld a felony conviction for possessing title documents without complete assignment, s*ee* 625 ILCS 5/4-104(a)(2) and (b)(1); *People v. Johns*, 153 Ill. 2d 436, 442-47, 607 N.E.2d 148, 151-54 (1992), but they overturned a felony conviction for a car owner who altered his own temporary registration documents. *See* 625 ILCS 5/4-104(a)(3) and (b)(2); *People v. Morris*, 136 Ill. 2d

6

157, 161-168, 554 N.E.2d 235, 236-69 (1990). Houston does not invoke *Morris* in support of his case, but even if he did, it would be unhelpful in showing that section 4-104(a)(5) and (b)(3), the provisions under which he was charged, were plainly unconstitutional. *Morris* turned on the fact that the defendant was the actual owner of the car and punishing him for a felony therefore did not comport with the anti-theft purpose of the statute and was a disproportionate punishment for his behavior. *See id.* Houston, in contrast, was a used car dealer, not the owner of the vehicles in question, and he was charged with a misdemeanor, not a felony. In sum, no reasonable fact finder could conclude that the provisions under which Houston was charged were clearly invalid.

For these reasons, Taylor is entitled to summary judgment on Houston's claim against him.

### 2. False arrest claim against ISOS

Houston asks this Court to exercise its pendent jurisdiction over his claim that the ISOS violated his right to be free from false arrest under Illinois law. *See* 28 U.S.C. § 1367. It is well-established, however, that federal courts cannot exercise pendent jurisdiction over state law claims brought against unconsenting states or state agencies given their Eleventh Amendment immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). Houston therefore cannot maintain his claim against the ISOS in federal court.

**Conclusion**

For the reasons discussed above, the Court grants defendants' motion for summary judgment [docket no. 34]. The Clerk is directed to enter judgment in favor of defendant Taylor and dismissing plaintiff's claim against defendant ISOS on grounds of immunity.

/s/ Matthew F. Kennelly  
MATTHEW F. KENNELLY  
United States District Judge

Date: February 6, 2006